```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO


RAQUEMIR S.A.,                    *
                                  *
     Plaintiff                    *
                                  *
            v.                    *   CIVIL NO. 06-1564 (JP)
                                  *
LUIS ANTONIO SANTIAGO CERRA,      *
                                  *
     Defendant.                   *
                                  *
```

**OPINION, ORDER AND INJUNCTION**

The Court has before it Plaintiff Raquemir S.A.'s motion for default judgment and request for injunctive relief (**No. 10**). In the motion, Plaintiff moves the Court to enter default judgment against Defendant, Luis Antonio Santiago Cerra, for failure to plead within twenty days after being served with Plaintiff's Summons and Complaint. Plaintiff's Complaint alleges a breach of contract by Defendant, and as such Plaintiff further moves the Court to enjoin Defendant for specific performance under the contract. The Court **GRANTS** entry of default judgment against Defendant, and permanently **ENJOINS** Defendant to perform his contractual duties as listed herein.

**I.   PLAINTIFF'S ALLEGATIONS**

In its Complaint and motion for entry of default judgment, Plaintiff makes the following allegations of fact. On June 7, 2006, Plaintiff filed a "Complaint for Injunction" against Defendant for breaching two contracts. The contracts are titled "First Master

CIVIL NO. 06-1564 (JP)          -2-

Licensing Agreement" and "Second Master Licensing Agreement." Both agreements were signed by each party before a notary on December 24, 2003. In the First Master Licensing Agreement, Defendant states that he is "the owner and has the exclusive rights, title and interest to the trade names and trademarks **'LUIS ANTONIO'** and **'L.A.'**" Defendant agrees to "present, register and record" with the Department of State of the Commonwealth of Puerto Rico and the corresponding Federal Government Department and/or Agency the aforesaid trade names and trademarks. Defendant grants Plaintiff "a license to use **THE TRADEMARKS** worldwide in connection with the advertising, promotion and sale of infant's apparel, . . . male children's apparel and men's apparel, . . . shoes, accessories, socks, formal wear, sports wear, leather wear, sleepwear, sunglasses," and a variety of other such personal items. Plaintiff agrees to "engage in the manufacture, production, sale, advertising, marketing and promotion" of the aforementioned items. The Second Master Licensing Agreement is nearly identical to the First Master Licensing Agreement, but provides instead for "female children's apparel and women's apparel" in place of the male counterpart.

Plaintiff alleges that Defendant failed to present, register and record the trade names and trademarks, as required under the agreements. The agreements required that Defendant record the trade names and trademarks within 180 days of signing the agreement. Because the agreement was signed on December 24, 2003, the deadline

CIVIL NO. 06-1564 (JP)        -3-

for Defendant to record was on or around June 24, 2004.  Plaintiff alleges that as a result of Defendant's failure to register these trade names, Plaintiff was forced to abstain from ordering and to halt marketing on several products for which Plaintiff had already expended considerable sums of money.  Specifically, Plaintiff alleges it expended funds designing the products, placing manufacturing orders, conducting advertising and marketing strategies, and on related travel expenses.

Prior to filing the Complaint, Plaintiff allegedly contacted Defendant through both verbal and written communication, but received no response.  Plaintiff alleges that Defendant's failure to comply with the terms of the agreement has placed him in breach of contract.

Plaintiff moved for entry of default on July 5, 2006, based on Defendant's failure to answer the Complaint.  The Clerk of the Court entered default against him on July 28, 2006.

Now Plaintiff moves the Court to enter default judgment in the form of a permanent injunction against Defendant, requiring him to present, register and record with the Department of State of the Commonwealth of Puerto Rico corresponding Federal Government Department and/or Agency the trade names and trademarks "Luis Antonio" and "L.A." Alternatively or in addition, Plaintiff requests that Plaintiff itself be enabled to register the trade names and trademarks "Luis Antonio" and "L.A." with the aforementioned agencies.

CIVIL NO. 06-1564 (JP)          -4-

Pursuant to Plaintiff's request, the Court held a damages hearing on September 15, 2006.

## II. **FINDINGS OF FACTS**

After reviewing the evidence presented by plaintiff in a damages hearing on September 15, 2006, the Court **FINDS** the following facts.[1]

1. Plaintiff and Defendant signed two contracts, titled "First Master Licensing Agreement" and "Second Master Licensing Agreement."

2. Both agreements were signed by each party before a notary on December 24, 2003.

3. In the First Master Licensing Agreement, Defendant states that he is "the owner and has the exclusive rights, title and interest to the trade names and trademarks **'LUIS ANTONIO'** and **'L.A.'**"

4. Also in the First Master Licensing Agreement, Defendant agrees to "present, register and record" with the Department of State of the Commonwealth of Puerto Rico and the corresponding Federal Government Department and/or Agency the aforesaid trade names and trademarks.

5. Also in the First Master Licensing Agreement, Defendant grants Plaintiff "a license to use **THE TRADEMARKS** worldwide in connection with the advertising, promotion

---

1. The Court abstained from hearing evidence on Plaintiff's damages. The Court will call a hearing on damages at the proper time in the future.

CIVIL NO. 06-1564 (JP)         -5-

    and sale of infant's apparel, . . . male children's apparel and men's apparel, . . . shoes, accessories, socks, formal wear, sports wear, leather wear, sleepwear, sunglasses," and a variety of other such personal items.

6. Also in the First Master Licensing Agreement, Plaintiff agrees to "engage in the manufacture, production, sale, advertising, marketing and promotion" of the aforementioned items.

7. The Second Master Licensing Agreement is nearly identical to the First Master Licensing Agreement, but provides instead for "female children's apparel and women's apparel" in place of the male counterpart.

8. Defendant failed to present, register and record the trade names and trademarks, as required under the agreements.

9. The agreements required that Defendant record the trade names and trademarks within 180 days of signing the agreement. Because the agreement was signed on December 24, 2003, the deadline for Defendant to record was on or around June 24, 2004.

10. The agreements required that Defendant abstain from manufacturing, producing, marketing or selling the products which constitute the subject of the agreements. Defendant may, however, design, manufacture, produce,

CIVIL NO. 06-1564 (JP)          -6-

>    market and sell comparable products under his "Haute Couture" trademarks.
> 11. Plaintiff contacted Defendant by telephone, facsimile, and letter in regards to his failure to record the trade names and trademarks, but received no response.
> 12. Since signing the agreements, Defendant has continued to use the trade names and trademarks as his own.

### III. CONCLUSIONS OF LAW

#### A.    JUDGMENT BY DEFAULT

It is well settled that, where default against the defendant has been entered, each of the plaintiff's allegations of fact must be taken as true and each of its claims must be considered established as a matter of law. Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985). A party "gives up" the right to contest liability when it "declines to participate in the judicial process." Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002).

The facts underlying liability in this action are beyond dispute because they are all deemed admitted due to Defendant's failure to respond to the Complaint. In light of the Court's findings of fact presented herein, this Court **GRANTS** Plaintiff's motion for default judgment in the form of a permanent injunction.

CIVIL NO. 06-1564 (JP)          -7-

### B.  **PERMANENT INJUNCTION**

Rule 55 of the Federal Rules of Civil Procedure provides that when a party has failed to plead or otherwise defend, the clerk shall enter default against that party.  Rule 55 further states that:

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

Fed. R. Civ. P. 55(b)(2). As part of a default judgment, courts may in their discretion enjoin the defaulting party. Metro. Life Ins. Co. v. Rivera, 204 F. Supp. 2d 273, 280 (D.P.R. 2002) (issuing a permanent injunction pursuant to a default judgment against the defendant to enjoin him from making harassing telephone calls or otherwise communicating with the plaintiff).

According to established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  EBAY Inc., et. al. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1839 (2006).  See e.g. Weinberger v.

CIVIL NO. 06-1564 (JP)          -8-

Romero-Barceló, 456 U.S. 305, 311-313 (1982).  The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion. Romero-Barceló, 456 U.S. at 320.

In light of the hearing held before the Court on September 15, 2006, and the findings of fact stated herein, the Court finds that Plaintiff satisfies the requirements for a permanent injunction.  The first two requirements of the permanent injunction standard, irreparable injury and the inadequacy of monetary damages, will be considered together.  Plaintiff has and is continuing to suffer irreparable injury at the hand of Defendant.  The harm is irreparable in part because it is not measurable.  A.W. Chesterton Co. v. Chesterton, 128 F.3d 1 (1st Cir. 1997).  See also Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996) ("If the plaintiff suffers a substantial injury that is not accurately measurable...irreparable harm is a natural sequel."); San Francisco Real Estate Investors v. Real Estate Inv. Trust of Am., 701 F.2d 1000, 1007 (1st Cir. 1983) (relying on loss of advantageous tax status and other findings to support a preliminary injunction). To date, Defendant has failed to register his trade names with the appropriate agency as required pursuant to the parties' contracts. Plaintiff cannot determine the amount of loss it has incurred due to Defendant's breach of contract because Plaintiff was undertaking a new business plan based specifically on Defendant designer's name,

CIVIL NO. 06-1564 (JP)            -9-

which is unique.  Plaintiff is at a virtual stand-still as to his business venture using the Defendant's trademarks, is continually incurring financial losses, and cannot move forward under the contract until Defendant registers the trade names.

In reference to the third requirement for a permanent injunction, balance of the equities, the Court easily finds for Plaintiff.  In the absence of an injunction, the hardships lie solely with the Plaintiff who can not move forward with its business and is losing money as a result.  Issuance of a permanent injunction requiring Defendant to register his trade names, or, alternatively, allowing Plaintiff to register the trade names on Defendant's behalf, poses no irreparable injury to Defendant.  Rather, Defendant will merely be fulfilling the conditions of a contract he willingly signed.

Finally, public interest would not be served by a permanent injunction.  Quite the contrary, the public interest would be served by requiring parties to fulfill their contractual obligations.

**IV.  CONCLUSION**

This Court **GRANTS** Plaintiff's Motion for a Permanent Injunction and **ENJOINS** Defendant to present, register, and record with the Department of State of the Commonwealth of Puerto Rico and the corresponding Federal Government Department and/or Agency the trade names and trademarks "Luis Antonio" and "L.A."  In addition or alternatively, Plaintiff is entitled by virtue of this Order to

CIVIL NO. 06-1564 (JP)              -10-

register the trade names and trademarks "Luis Antonio" and "L.A.," and subsequently his contractual rights for the use of trade names and trademarks for the products disclosed in the contract, except the "Haute Couture" line.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of September, 2006.

                                                   s/Jaime Pieras, Jr.
                                                     JAIME PIERAS, JR.
                                          U.S. SENIOR DISTRICT JUDGE